EUGENE F. HABER, ESQ. [EH5021]
**COBERT, HABER & HABER, LLP**
Attorneys for Plaintiff
1050 Franklin Avenue - Suite 300
Garden City, New York 11530
Phone: (516) 248-7844; Fax:(516) 248-8124

FILED
IN CLERK'S OFFICE
U.S. DISTRICT CO         N.Y.

★   MAR 19 2013   ★ 

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JTE ENTERPRISES, INC.,

                          Plaintiff,

        - against -

ANDREW M. CUOMO, in his official capacity
as Governor of the State of New York, THOMAS
DI NAPOLI, in his capacity as Comptroller of the
State of New York, PETER M. RIVERA, as
Commissioner of the State of New York Labor
Department, and LEONARD D. POLLETTA,
Chairman of the Unemployment Insurance
Appeal Board,

                          Defendants,
-----------------------------------------------------------------X

Civil Action No.
**CV-13 1425**

COMPLAINT

**SPATT, J.**
**WALL, M.**

      Plaintiff JTE ENTERPRISES, INC., (JTE) by its attorneys Cobert, Haber & Haber LLP as and for its Verified Complaint against the defendant states and alleges as follows:

<u>NATURE OF ACTION</u>

      JTE ENTERPRISES, INC. is a New York Corporation engaged in the business of a taxi cab and livery service to residents and businesses in Suffolk County, New York. It is licensed as a taxi cab and livery service by the various local municipalities (villages and

towns) where it operates and must conduct its business pursuant to those municipalities rules and regulations. By this Action, Plaintiff seeks a declaration as to the status of the drivers of the taxi cab vehicles. The New York State Department of Taxation and Finance has classified these drivers as independent contractors so that JTE must pay to New York State a sales tax on the leases of the vehicles to the drivers. The New York State Department of Labor claims these drivers are employees and JTE must pay unemployment insurance premiums to New York State for these drivers. In its First Claim for Relief, JTE requests that this Court issue a declaration as to the status of the drivers, so that it either pays a sales tax or unemployment insurance premiums, but not both. In its Second Claim for Relief, JTE requests that the determination of the Unemployment Insurance Appeal Board be declared null and void if the drivers are determined to be independent contractors. In its Third Claim for relief, JTE claims that the determination made by the Department of Labor denied JTE basic due process protections as it was denied its right to appeal said determination due to the acts of the Department of Labor. In its Fourth Claim for Relief, JTE avers that if the drivers are declared employees, it requests a refund of all monies paid for sales tax.

## PARTIES

1. At all times here and after mentioned JTE Enterprises, Inc. (hereafter "JTE") was and is a domestic corporation organized and existing of the laws of the State of New York with JTE's principal place of business located at 390 East Suffolk Avenue,

Islandia, NY 11749.

2. Defendant, ANDREW CUOMO, is the Governor of the State of New York with an Executive Office in the State Capitol Building, City of Albany, State of New York.

3. Defendant, THOMAS P DINAPOLI, is the Comptroller of the State of New York with an Executive Office in the State Capitol Buiding, City of Albany, State of New York and collects all sales taxes paid with Form ST-100.

4. Defendant PATRICIA SMITH is the Secretary of Labor for the NEW YORK STATE DEPARTMENT OF LABOR (hereafter "Department of Labor") is an Agency of the State of New York and regulates all aspects of labor in the State of New York.

5. Defendant UNEMPLOYMENT INSURANCE APPEAL BOARD is an independent board made up of five full-time salaried members appointed by the Governor for terms of six years that handles all appeals of assessments made by the Department of Labor for Unemployment Insurance Tax.

## JURISIDICTION AND VENUE

6. This Court's jurisdiction is pursuant to *28 U.S.C. 1343 (3)* for claims brought under *42 U.S.C. 1983* to enforce rights guaranteed by the United States Constitution. There is also jurisdiction pursuant to *28 U.S.C 1331* for claims arising under the United States Constitution, and jurisdiction under **U.S.C. 1367** over the New York State claims under the principles of pendent jurisdiction. This action also seeks

declaratory judgment relief pursuant to *28 U.S.C 2201* **and 2202.** This Court's venue is based on the location of plaintiff's business and a preponderance of defendants' residing within the District.

## FACTUAL ALLEGATIONS:

7. That the business of JTE is to provide transportation for passengers by use of "for hire" vehicles based at various locations in Suffolk County, New York,

8. That among other things Department of Labor supervises the collection of Unemployment Insurance premiums to be paid by employers for the benefit of employees who may become unemployed.

9. That JTE employs individuals to act as clerical staff and dispatchers in its office relative to its taxi business for which it pays unemployment insurance premiums.

10. JTE also hires drivers of its "for hire" vehicles but those individuals are hired as independent contractors who do not work on a regular basis.

11. In fact, drivers of vehicles owned by JTE are not required to work on a regular schedule and are free to work for other "for hire" vehicle companies that compete with JTE. The drivers receive no benefits; no taxes or social security payments are withheld as they receive no salary.

12. When a driver shows up for work, he signs a lease agreement wherein he agrees to pay to JTE a percentage of the income he derives that day from operation of his taxi cab vehicle provided by JTE who will then dispatch the vehicle to various customers of JTE who call in for requested transportation services; but at all times the driver is free

to refuse the call for requested transportation services.

13. If he accepts the call the driver will charge the fare so designated by a fare schedule provided by the town or village within the County of Suffolk based upon a zone system; the driver is not required to work any specific length of time per day.

14. That the drivers of these vehicles must be classified as independent contractors as they are not under the dominion or control of JTE to be classified as an employee entitled to unemployment insurance benefits.

15. Notwithstanding the above the Department of Labor conducted an audit of JTE's books and records for the period December 1, 1999 though August 31, 2003 and determined that JTE owed $35,801.57 for unemployment insurance premiums for its drivers and assessed a 50.00% fraud penalty of $17,900.78.

16. That JTE opposed the finding of the Department of Labor that held the drivers of JTE vehicles are classified as employees as well as the assessment for the penalty and appealed this Decision.

17. A Department of Labor Agency proceeding ensued wherein hearings were held, over a seven month period; documentary evidence presented and oral testimony taken under the auspices of administrative Law Judge Craig Fishman under ALJ proceeding 007-06060. Judge Fishman published decision dated December 28, 2009 wherein he found the drivers to be employees and not independent contractors, but reversed the assessment of the fraud penalty.

18. That JTE appealed the decision to the Unemployment Insurance Appeal

Board and the Department of Labor also appealed the reversal of the fraud penalty. The Unemployment Insurance Appeal Board rendered a Decision on November 23, 2010 which in part sustained and in part modified the Decision of ALJ Craig Fishkin. Specifically, the determination that JTE owed an additional $35,801.57 for remuneration paid to drivers was sustained. However, the UI Appeal Board modified ALJ Fishkin's Decision and imposed the assessment of a 50.00% fraud penalty against JTE in the amount of $17,900.78.

19. On December 13, 2010, in accordance with the written instructions on the reverse side of the Decision of the UI Appeal Board dated November 23, 2010, JTE served a Notice to Appeal on the UI Appeal Board.

20. That the attorneys for JTE confirmed with the UI Appeal Board that the Notice of Appeal was received and informed JTE's attorneys that it would be processed and that correspondence would be mailed regarding the Appeal.

21. That the above referred to assessments, hearings administrative appeal and judicial appeal occurred over a period of approximately six years, during which and it was common for notices and/or correspondence to take in excess of six months to be mailed by the Department of Labor and/or UI Appeal Board.

22. That on two occasions the UI Appeal Board mailed correspondence for the Appeal to the former address of the attorneys for JTE and such correspondence was never received by the attorneys for JTE relative to perfecting of the Appeal.

23. That the failure to obtain Appellate Division review was due to the

Department of labor's failure to deliver the proper notices and documents to Plaintiff's attorney.

24. That neither JTE nor its attorneys received any correspondence or communication from either the Appellate Division, Third Department of the State of New York or the UI Insurance Appeal Board.

25. That on February 10, 2012 the plaintiff was informed by the Department of Labor that the appeal was deemed abandoned as Appellate Division, Third Department of the State of New York dismissed the Appeal as it was never timely perfected.

26. No judicial review by the Appellate Division of the New York State Supreme Court of the Department of Labor's decision was thereafter conducted.

## AS AND FOR A FIRST CLAIM FOR RELIEF:

27. That the plaintiff herein seeks judicial review of the Department of Labor's finding by this declaratory action as it duly believes that improper standards and tests regarding the nature of JTE's business were applied by the Department of Labor and the status of the drivers hired by JTE must be made by an independent judicial panel.

28. That if a proper determination is made the drivers aforementioned will be found to be independent contractors for which no NYS Unemployment Insurance Premiums are due.

29. That the plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF:

30. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth

in paragraphs "1" through "24" as if set forth at length herein.

31. That for the period in question, specifically from December 1, 1999 though August 31, 2003, JTE filed Sales and Use Tax Returns (Form ST-100) declaring the monies received from the drivers as lease income.

32. That the tax rate on Form ST-100 is 8 5/8 %, which is far in excess of the Unemployment Insurance Tax that is at issue.

33. That for the period December 1, 1999 though August 31, 2003, JTE filed From ST-100 and made the following payments.

| **Period Beginning** | **Period Ending** | **Tax per From ST-100** |
|---|---|---|
| 12/01/99 | 02/29/00 | $ 4,421.48 |
| 03/01/00 | 05/31/00 | 4,566.61 |
| 06/01/00 | 08/31/00 | 4,577.71 |
| 09/01/00 | 11/30/00 | 5,013.80 |
| 12/01/00 | 02/28/01 | 4,520.12 |
| 03/01/01 | 05/31/01 | 5,012.10 |
| 06/01/01 | 08/31/01 | 4,552.36 |
| 09/01/01 | 11/30/01 | 5,076.65 |
| 12/01/01 | 02/28/02 | 4,928.82 |
| 03/01/02 | 05/31/02 | 5,521.66 |
| 06/01/02 | 08/31/02 | 5,758.83 |
| 09/01/02 | 11/30/02 | 5,967.25 |
| 12/01/02 | 02/28/03 | 6,085.48 |
| 03/01/03 | 05/31/03 | 7,108.86 |
| 06/01/03 | 08/31/03 | _7,188.27_ |
| | Total Paid: | $80,300.00 |

34. That the above payments totaling $80,300.00 is in excess of the Department of Labor assessment of $32,500.00 for the same period.

35. The said returns were filed, New York State processed the returns and New

York State accepted JTE's tax payments.

36.   That it is inconsistent for the State of New York to accept payments from JTE on Form ST-100 where the payments received from drivers are classified as lease income and for the Department of Labor classify the drivers as employees.

32.   That the actions of the Defendants are not consistent, and results in JTE paying two taxes for the same event. It is inconsistent for the Comptroller of the State of New York to collect sales tax from JTE for payments made by driver to JTE and for the Department of Labor to classify the drivers as Employees for purposes of collecting Unemployment Insurance Premiums.

37.   In the event this Court determines that the JTE drivers are independent contractors, then the monies that JTE paid to New York State for the Sales and Use Tax should be applied to the within assessment.

38.   That the Department of Labor has refused to take into consideration that JTE has already paid $80,300.00 in sales tax based upon leases to independent contractors on this income to another New York State agency.

39.   That the UI Insurance Appeals Board refused to take into consideration that JTE has already paid $80,300.00 in sales tax based upon leases to independent contractors on this income to another New York State agency.

40.   That the Department of Labor assessment, with interest and penalties, is now in excess of $100,000.00.

41.   That the Department of Labor has refused to consider the fact that JTE paid

sales tax, and all demands for relief by JTE have been unsuccessful.

42. That in the event the drivers are ultimately declared to be employees, then the monies paid by JTE with Form ST-100 of $80,300.00 to the State of New York should be applied retroactively to any assessments made by the Department of Labor, thereby reducing all interest and penalties to zero.

43. That JTE should receive a refund of $44,498.43, which is the difference of the amount paid with Form ST-100 that exceeds the assessment by the Department of Labor. ($80,300 - $35,801.57).

## AS AND FOR A THIRD CLAIM FOR RELIEF:

44. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "39" as if set forth at length herein.

45. That the actions of defendants in handling JTE's Appeal of the Decision of the UI Appeal Board violated JTE's right to Due Process.

## AS AND FOR A FOURTH CLAIM FOR RELIEF:

46. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "40" as if set forth at length herein.

47. That the actions of defendants violate JTE's constitutional rights as the State of New York through its duly constituted agencies have improperly taxed plaintiff for its normal business activity of providing for hire taxi service to the public.

**WHEREFORE,** it is respectfully requested that

a) this Court determine the status of the vehicle drivers as independent contractors

or employees and thus determine whether the Plaintiff should be subject to paying Unemployment Insurance Premiums to the State of New York; or

  b) in the alternative, in the event the Court determines that the drivers are employees, directing that the monies paid to the Comptroller of the State of New York with Form ST-100 be applied retroactively and that the Comptroller pay to plaintiff the difference of $44,498.43 plus interest thereon; and

  c) for such other and further relief that this Court shall deem just and proper.

Dated: February 28, 2013

            _____
            EUGENE F. HABER, ESQ. [EH5021]
            **COBERT, HABER & HABER, LLP**
            Attorneys for Plaintiff
            1050 Franklin Avenue - Suite 300
            Garden City, New York  11530
            Phone: (516) 248-7844 Fax: (516) 248-8124

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NASSAU     )

JOHN TOMITZ, being duly sworn, deposes and says:

I am the Plaintiff in the pending action; I have read the Complaint and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief as to those matters therein not stated upon knowledge is based upon records and files and conversations with my attorney.

_____
JTE ENTERPRISES, INC.
By: JOHN TOMITZ, President

Sworn to before me this
28th day of February, 2013

_____
Notary

SIGRID MARKOFF
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6207618
Qualified in Suffolk County
Expires June 15, 2013