UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JTE ENTERPRISES, INC.,

                                :

                   Plaintiff,

                                :

          -against-                           CV 13-1425
                                :          (ADS)(WDW)

ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York, THOMAS DI    :
NAPOLI, in his capacity as Comptroller of the
State of New York, PETER M. RIVERA, as        :
Commissioner of the State of New York Labor
Department, and LEONARD D. POLLETTA,       :
Chairman of the Unemployment Insurance
Appeal Board,                              :

                   Defendants.        :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE COMPLAINT

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
200 Old Country Road, Suite 240
Mineola, New York 11501
(516) 248-3317
Attorneys for Defendants


TONI E. LOGUE
Assistant Attorney General
Of Counsel

RICHARD H. YORKE
Volunteer Attorney

## TABLE OF CONTENTS

STATEMENT OF FACTS.................................................................................. 1

PROCEDURAL HISTORY………………………..…………………………………………4

Standard of Review Under Fed. R. Civ. P. 12(b).......................................... 5

    A. Fed. R. Civ. P. 12(b)(1).................................................... 5

    B. Fed. R. Civ. P. 12(b)(6).................................................... 6

DOCUMENTS REFERRED TO IN THE COMPLAINT........................................ 7

THE MATERIALS THE COURT MAY CONSIDER........................................... 8

ARGUMENT................................................................................................... 9

    I.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A CLAIM PURSUANT TO 42 U.S.C. § 1983.................................................................. 9

        A.    THE ELEVENTH AMENDMENT AND PRINCIPLES OF SOVEREIGN IMMUNITY DEPRIVE THIS COURT OF SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S OFFICIAL CAPACITY CLAIMS........................ 9

        B.    INSOFAR AS THE COMPLAINT NAMES DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES THE REQUIREMENT OF PERSONAL INVOLVEMENT HAS NOT BEEN MET........................ 12

        C.    PLAINTIFF'S NEGLECT OF COURT RULES CAUSED ITS FAILURE TO APPEAL........................................................13

    II.    UNDER THE TAX INJUNCTION ACT (28 U.S.C. § 1341) THIS COURT LACKS SUBJECT MATTER JURISDICTION AND SHOULD DISMISS THE COMPLAINT......................................................................... 17

    III.    THIS COURT LACKS JURISDICTION TO HEAR CASE UNDER THE *ROOKER-FELDMAN* DOCTRINE............................................... 18

    IV.    PLAINTIFF IS PRECLUDED FROM RELITIGATING ISSUES DECIDED IN THE STATE  PROCEEDINGS.............................................. 21

CONCLUSION.............................................................................................. 23

**STATEMENT OF FACTS**

Plaintiff JTE Enterprises, Inc. ("JTE" or "plaintiff") brings this action allegedly

pursuant to 42 U.S.C. § 1983 claiming that defendants Andrew M. Cuomo, as the

Governor of the State of New York, Thomas DiNapoli, as the Comptroller of the State of

New York, Peter M. Rivera, as the Commissioner of the New York State Labor

Department, and Leonard D. Polletta, as the Chairman of the Unemployment Insurance

Appeal Board have violated its right to due process pursuant to the Fourteenth

Amendment to the United States Constitution.  In addition, JTE seeks to have this Court

issue declarations in contravention to prior New York State Court and Administrative

determinations directing it to pay unpaid taxes.  Defendants submit this Memorandum in

Support of their Motion to Dismiss seeking an Order, pursuant to Fed. R. Civ. P.

12(b)(1), dismissing the Complaint for lack of subject matter jurisdiction as to the claims

against defendants, and, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.

The Complaint alleges that JTE provides taxi service in Suffolk County, New

York.  *See* Complaint, at ¶ 7.  JTE alleges that after attempting an audit of JTE's books

and records, the New York State Department of Labor issued a determination that JTE

owed $35,801.57 in unpaid unemployment insurance taxes, and assessed a 50% fraud

penalty for $17,900.78.  *See id.*, at ¶ 15.

As a result, JTE filed an Article 78 proceeding, which was resolved by a

Stipulation of Settlement and Discontinuance in which the Department of Labor agreed

to process JTE's request for a hearing before an Administrative Law Judge in

accordance with the exclusive review procedures set forth in Article 18 of the New York

1

Labor Law. *See id.,* at ¶¶ 16-17; *see also* Appendix 1, attached hereto; Labor Law §§ 620-626. During the hearing, the Administrative Law Judge reopened two prior default decisions and made a determination that JTE's drivers were employees and not independent contractors, and sustained the determination that JTE was responsible for additional contributions in unemployment insurance taxes, but overturned the fraud penalty. *See* Appendix 2, attached hereto.

Both JTE and the Department of Labor appealed the decision to the Unemployment Insurance Appeal Board ("the Board"), which sustained the assessment of contributions and reinstated the fraud penalty, in a Decision of November 23, 2010. *See* Complaint at ¶ 18. This Decision informs parties that appeals can be made to the Appellate Division, Third Department, within thirty days from the date the Decision was mailed. *See* Appendix 3, attached hereto. JTE alleges it sent a Notice of Appeal to the Board on December 13, 2010. *See* Complaint at ¶ 19. On March 13, 2011, JTE faxed the Notice of Appeal to the Board and received confirmation that it had been received. *See* Appendix 5, at ¶ 8, attached hereto.

The Board sent a "Notice of Receipt of Appeal to Court," dated March 16, 2011, to both JTE's business address and to its attorneys. *See* Appendix 4, attached hereto. JTE alleges that its attorneys did not receive this notice because it was sent to their prior address. *See* Complaint at ¶ 22. JTE's lawyers alleged, in their Affirmation in Support of its Motion to the Third Department to Extend Time to Perfect Appeal, that they had moved offices within the same building in August 2009, and that the Post Office stopped forwarding their mail in March 2010. *See* Appendix 5, attached hereto, at ¶ 10. The Complaint is silent regarding why JTE's lawyers did receive the prior

Decision of the Board, which was mailed in November 2010 to the same address as the Notice, after the date they claimed the Post Office stopped forwarding their mail. *See* Appendix 3, attached hereto. Likewise, the Complaint does not offer any reason why JTE did not receive the Notice at its business address. *See* Complaint, at ¶24; see also Appendix 4, attached hereto.

The "Notice of Receipt of Appeal to Court" states that "[c]laimants may represent themselves if they do not wish to hire an attorney." *See* Appendix 4, annexed hereto. It advises appellants that the Third Department has established special rules and instructions for unemployment insurance appeals. *Id.* The form advises appellants to write to the Attorney General's Office to obtain a copy of the Court's instructions. *Id.* The form states "[p]ursuant to the rules of the Court, if the appellant (that is the party making the appeal) does not serve and file Court papers within nine months after the date of the Appeal, the Court will consider the appeal abandoned." *Id.*

Section 800.17 of the Third Department's Court Rules states that instructions on appealing a decision of the Unemployment Insurance Appeal Board are available from the clerk of the court. *See* Rules of the Appellate Division, Third Department (22 NYCRR) § 800.17. These instructions state clearly that the nine month time limit for filing papers is pursuant to section 800.12 of the Court's Rules of Practice. *See* Appendix Six, attached hereto.

Despite the availability of the instructions, and the clearly stated court rules on abandonment of appeals, JTE took no action on the appeal until February of 2012, when the Department of Labor, in a letter addressed to JTE Enterprises, Inc., notified it that the Third Department had deemed the appeal abandoned. *See* Complaint, at ¶ 25.

This was fourteen months after the Complaint alleges JTE sent in the Notice of Appeal and eleven months after JTE confirmed that it had been received by fax.  *See id.*, at ¶ 19; Appendix 5, at ¶ 8, attached hereto.  JTE does not allege it tried to contact the Third Department or the Board between the time it confirmed the Notice of Appeal had been received and the time it received the letter deeming the appeal abandoned.  Instead, JTE and its attorneys allowed its time to expire without consulting the Third Department's rules for appeals.  JTE now alleges that it took no action on its appeal because it did not receive a notice referencing the Third Department's own Court Rules. *See* Complaint at ¶¶ 23-24.


## PROCEDURAL HISTORY

JTE filed an Article 78 proceeding,  seeking to compel the Department of Labor to schedule a hearing on the assessments and fraud penalty and to stay a tax levy.  The Article 78 proceeding  was resolved by a Stipulation of Settlement and Discontinuance in which the Department of Labor agreed to process JTE's request for a hearing before an Administrative Law Judge, and refrain from collection of the assessed liabilities pending the outcome of further administrative proceedings pursuant to Article 18 of the New York Labor Law.   See Appendix 1, annexed hereto.

The ALJ Decision, dated December 28, 2009 found JTE's drivers to be employees, sustaining the unemployment insurance contribution assessment, but overturning the fraud penalty.   See Appendix 2, annexed hereto.

Both parties appealed this decision to the Unemployment Insurance Appeal Board, which upheld the assessment, and reinstated the fraud penalty, in a decision dated November 23, 2010.  See Appendix 3, annexed hereto.

JTE filed at Notice of Appeal but did not perfect its appeal within the time allowed.  See Appendix 4, annexed hereto. JTE was informed in February 2012 that its appeal was deemed abandoned.  JTE filed a Motion to Extend Time to Perfect Appeal with the Third Department, on February 21, 2012.  See Appendix 5, Affirmation in Support of Motion to Extend Time, annexed hereto.  This Motion was denied by the court on April 6, 2012.  JTE then filed a Motion to Reargue on April 24, 2012.  This Motion was denied on June 15, 2012.

## Standard of Review under Fed. R. Civ. P. 12(b)

**A.      Fed. R. Civ. P. 12(b)(1)**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that such jurisdiction exists, and the Court should not draw argumentative inferences in his favor.  *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  A court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).  Indeed, a court must "look to the substance of the

allegations to determine jurisdiction." *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1019 (2d Cir. 1993).

**B.      Fed. R. Civ. P. 12(b)(6)**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court held that to survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face."  550 U.S. at 570.  In *Erickson v. Pardus*, the Supreme Court recognized that while Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and specific facts are not necessary, the pleading must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555).  The Court of Appeals for the Second Circuit likewise has held that a complaint must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (emphasis in original).

A "formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  Moreover, allegations "that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, are insufficient to state a claim." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

## DOCUMENTS REFERRED TO IN THE COMPLAINT

The Complaint refers to, and factually relies upon, certain documents.  These documents are attached hereto as Appendixes.

### Stipulation of Settlement and Discontinuance

JTE states that a Department of Labor hearing ensued "under the auspices of administrative Law Judge Craig Fishman." *See* Complaint at ¶ 17.  Attached is the Stipulation of Settlement and Discontinuance resolving the Article 78 proceeding and directing that hearings take place before an Administrative Law Judge ("ALJ").  *See* Appendix 1, attached hereto.

### Decision of the Administrative Law Judge

JTE alleges that the decision of the ALJ found the drivers to be employees, but reversed the fraud penalty.  *See* Complaint at ¶ 17.  Attached is this decision of ALJ Fishman, dated December 28, 2009.   S*ee* Appendix 2, attached hereto.

### Decision of the Board

The Complaint refers to the Decision of the Unemployment Insurance Appeal Board, dated November 23, 2010.  *See* Complaint at ¶ 18.  This Decision is attached.  *See* Appendix 3, attached hereto.

### Notice of Receipt of Appeal to Court

JTE alleges that the Unemployment Insurance Appeal Board "mailed correspondence for the Appeal to the former address of the attorneys for JTE."  *See* Complaint at ¶ 22.  The "Notice of Receipt of Appeal to Court" is attached.  *See* Appendix 4, attached hereto.

**Affirmation in Support of Motion to Extend Time to Perfect Appeal**

JTE alleges that its attorneys never received "correspondence for the Appeal" from the Unemployment Insurance Appeal Board.  *See* Complaint at ¶ 22.  Attached is plaintiff's "Notice of Motion to Extend Time to Perfect Appeal," which contains factual allegations regarding dates and locations of plaintiff's attorneys' office move.  *See* Appendix 5, attached hereto.

**Instructions for Appeal from Decision of Unemployment Insurance Appeal Board**

The Complaint states that "the failure to obtain Appellate Division review was due to the Department of Labor's failure to deliver the proper notices and documents to Plaintiff's attorney.  *See* Complaint at ¶ 23.  The notice at issue is the "Notice of Receipt of Appeal to Court" [*see* Appendix 4, attached hereto], which references the Instructions for Appeal by Claimant from Decision of Unemployment Insurance Appeal Board.  *See* Appendix 6, attached hereto.

**THE MATERIAL THE COURT MAY CONSIDER**

For purposes of this motion, the Complaint is deemed to include documents referred therein or attached thereto.  *See* Fed. R. Civ. P. 10(c); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-111 (2d Cir. 2010); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)(complaint deemed for purpose of motion under Fed. R. Civ. P. 12(b)(6) "to include . . .  any statements or documents incorporated in it by reference"). This can also include documents on which the complaint "relies heavily" or which are "integral to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); s*ee also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  Here, the

Complaint refers to and relies upon a number of documents, which are attached hereto as Appendixes 1 through 6.

## ARGUMENT

### I.

### PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A CLAIM PURSUANT TO 42 U.S.C. § 1983

**A.    The Eleventh Amendment And Principles Of Sovereign Immunity Deprive This Court Of Subject Matter Jurisdiction Over The Plaintiff's Official Capacity Claims.**

The Complaint appears to bring this action solely against each of the named defendants in their official capacities.  *See* Complaint, at Caption and at ¶¶ 2-5.  While the Complaint names Peter Rivera in the Caption as the current Secretary of Labor, the allegations of the complaint only mention former Secretary of Labor, Patricia Smith  The Supreme Court, discussing suits against state officials in their official capacities, has stated, "[i]ndeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation."  *Hafer v. Melo*, 112 S. Ct. 358, 361, 502 U.S. 21, 116 L. Ed. 2d 301 (1991).  The Complaint names "LEONARD D. POLLETTA, Chairman of the Unemployment Insurance Appeal Board," in the caption, but names only the Unemployment Insurance Appeal Board in the "Parties" section.  *See* Complaint, at Caption and ¶ 5.  Named in their official capacities, all defendants are shielded by the doctrine of Sovereign Immunity.

Sovereign immunity is a deeply-rooted doctrine that is neither necessarily dependent upon, nor created by, the Eleventh Amendment. *E.g., Sossamon v. Texas*, 563 U.S. –,  131 S.Ct. 1651, 1657-1658 (2011); *Northern Ins. Co. of New York v.*

*Chatham County*, 547 U.S. 189, 193 (2006).  Unless a State has explicitly and unequivocally consented, it is immune from suit in federal court.  Indeed, these doctrines bar all forms of relief – whether legal or equitable – against a State or a State agency  in federal court. *See e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); *Cory v. White*, 457 U.S. 85, 90-91 (1982) ("[i]t would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought. …[T]he Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity.")

   The Eleventh Amendment and principles of sovereign immunity also bar all claims against State agencies as well as against the States themselves. *E.g., Quern v. Jordan*, 440 U.S. 332, 341-345 (1979); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001); and all claims against States and State agencies insofar as they arise under State law. *E.g., Concourse Rehab. & Nursing Center, Inc. v. DeBuono*, 179 F.3d  38, 44 (2d Cir. 1999) ("[T]he Eleventh Amendment bars our consideration of purely State law claims."); *see generally Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

   Official capacity claims are deemed to be the equivalent of suing the entity. *Hafer v. Melo*, 502 U.S. 21, 25 (2002). However, since "it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.' " *Escobar v. City of*

*New York*, 2007 WL 1827414, at * 3, 05 CV 3030 (E.D.N.Y. June 25, 2007).  These circumstances are recognized by Fed.R.Civ.P. 25(d), which provides that where a person sued in his or her official capacity dies, resigns, or ceases to hold office, "the officer's successor is automatically substituted as a party."

The distinction between individual and official capacity has two ramifications.  First, it determines whose assets can be executed against if the plaintiff prevails.  Second, it determines which defenses can be asserted.  As the Court further explained in *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985):

> When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law. … In an official-capacity action, these defenses are unavailable [citations omitted]. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment.

The exception to the State's immunities exists under *Ex parte Young*, 209 U.S. 123; 28 S. Ct. 441; 52 L. Ed. 714 (1908).  However, "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Maryland, Inc. v. Public Service Comm'n. of Maryland*, 535 U.S. 635, 645 (2002) (citation and quotation marks omitted).

JTE does not seek prospective relief of an ongoing violation of federal law.  JTE's First Claim for Relief seeks a declaration that its drivers are independent contractors for purposes of state taxation.  *See* Complaint at ¶ 28.  JTE alleges no violation of federal law that this declaration would address with prospective relief, nor any basis of jurisdiction over this question.  Jurisdiction is barred by the Tax Injunction Act, as

argued below.  A designation by a state agency, used to determine the state tax liability of an employer, is a fundamental state law matter.

In its Second Claim for Relief, JTE seeks a refund of the amount it claims to have overpaid in sales tax, if its drivers are declared employees.  *See id.* at ¶ 43.  Declaratory relief on this question being sought as a vehicle to claim a retrospective refund of tax payments cannot be classified as prospective relief.  *See id.* at ¶¶ 28, 42, 43.  Accordingly, *Ex parte Young* does not apply.

JTE's Third Claim for Relief alleges that "the actions of defendants in handling JTE's Appeal of the Decision of the UI [Unemployment Insurance] Appeal Board violated JTE's right to Due Process."  *See id.* at ¶ 45.  JTE alleges no ongoing violation of Due Process, only that it was deprived of Due Process by its alleged non-receipt of the Notice of Receipt of Appeal to Court.  *See id.* at ¶¶ 22-26.  JTE alleges this violation was due to a discrete mistake of using an incorrect address.  *See id.* at ¶22.  JTE does not suggest how a federal court could fashion prospective relief to address an ongoing procedural violation, as there is no ongoing violation to address.

Based on the above, JTE has failed to successfully request prospective relief to address any ongoing constitutional violation.  Instead, JTE's requested forms of relief are retrospective monetary damages, and a declaratory ruling outside this Court's jurisdiction.

**B.     Insofar As The Complaint Names Defendants
          In Their Individual Capacities, The Requirement
          Of Personal Involvement Has Not Been Met.**

While the Complaint appears to only allege official capacity claims against each of the defendants, to the extent that the Court may find that the Complaint also sues

one or more defendants in his or her individual capacity, the Complaint has failed to allege the required level of personal involvement on the part of any of the named defendants.

The Second Circuit has consistently held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).   The only Constitutional violation the Complaint alleges is a violation of Due Process caused by a clerical error by an unnamed person.  *See* Complaint, at ¶ 45. JTE has entirely failed to  allege any facts that would indicate the personal involvement of the defendants in a violation of Due Process.  Therefore, JTE has not plausibly alleged  any violation pursuant to 42 U.S.C. § 1983 against any of the defendants in their individual capacities.

**C.    Plaintiff's Neglect Of Court Rules
        Caused Its Failure To Appeal.**

Should the Court find that the Complaint plausibly alleges claims against one or more of the defendants in their individual capacity, JTE has failed to plausibly allege that any of the defendants has violated its right to Due Process pursuant to the Fourteen Amendment to the United State Constitution. JTE's Third Claim for Relief alleges "[t]hat the actions of defendants in handling JTE's Appeal of the Decision of the UI Appeal Board violated JTE's right to Due Process." *See id.*, at ¶ 45.  JTE claims that its failure to timely perfect its appeal was because "on two occasions the UI Appeal Board mailed correspondence for the Appeal to the former address of the attorneys for JTE and such correspondence was never received by the attorneys for JTE relative to perfecting of the Appeal." *See id.*, at ¶ 22.  JTE claims, "That the failure to obtain

13

Appellate Division review was due to the Department of [L]abor's failure to deliver the proper notices and documents to Plaintiff's attorney."  *See id.*, at ¶ 23.  These allegations do not plausibly allege that any of the named defendants violated JTE's right to Due Process.

The United States Supreme Court has held that:

> [d]ue process does not require that a property owner receive actual notice before the government may take his property.  Rather, we have stated that due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*See Jones v. Flowers*, 547 U.S. 220, 226 (2006)(citations omitted).  By itself, non-receipt of notice reasonably calculated to reach the party does not violate Due Process.  *See Dusenbery v. United States*, 534 U.S. 161, 170 (2002).  When the state has actual knowledge that its attempt at notice has failed, it is required to take some further action.  *See Jones*, 547 U.S. at 238 (holding that notice was inadequate when certified letters from the state were returned unclaimed).  JTE does not allege knowledge by the Unemployment Insurance Appeal Board that its correspondence had not been received by  JTE's attorneys.  Here, JTE alleges only that it was as a result of  a clerical error.

A clerical error alone does not provoke a violation of Due Process.  "In order to show a violation of procedural due process rights, a plaintiff must show an intent more culpable than mere negligence."  *Wantanabe Realty Corp. v. City of New York*, 159 Fed. Appx. 235, 237, 2005 U.S. App. LEXIS 26949 (2d Cir. Dec. 5, 2005) (citing *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)) (upholding district court's grant of summary judgment against plaintiff-appellant where letters notifying plaintiff of proposed demolition of property were sent to wrong address in

14

clerical error). The Supreme Court has stated, "[f]ar from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Daniels*, 474 U.S. at 332. The Complaint fails to allege a mental state required to show a violation of Due Process. *See Wantanabe*, 159 Fed. Appx. at 237. The Complaint alleges mere negligence by the Unemployment Insurance Appeal Board, the Board having no actual notice that their correspondence purportedly had not been received as JTE alleges.

JTE's claim of a Due Process violation fails for the further reason that there is no lack of notice where the information needed to appeal was accessible to JTE's attorneys. The procedures to appeal were available from the Third Department's Court Rules. *See* Rules of the Appellate Division, Third Department (22 NYCRR) §§ 800.12, 800.17. JTE's Complaint does not allege inadequacy of notice; it instead alleges the surprising claim that it had no responsibility to follow Court Rules. JTE would have this Court believe that its lawyers had no duty to know the rules of the court to which they appeal, and would require a holding that licensed attorneys cannot proceed with an appeal they initiated, unless delivered notice of readily available Court Rules.

JTE argues that its Due Process rights were violated when the Notice of Receipt of Appeal to Court was sent to its attorneys' former address. *See* Complaint at ¶¶ 21-23. The allegedly indispensible notice states that "Pursuant to the rules of the Court, if the appellant (this is the party making the appeal) does not serve and file Court papers within nine months after the date of the Appeal, the Court will consider the appeal

15

abandoned."  *See* Appendix 4, attached hereto.  This nine month limitation is from

section 800.12 of the Appellate Division, Third Department's Rules of Practice.  *See*

Rules of the Appellate Division, Third Department (22 NYCRR) § 800.12.  The Decision

of the Board, which JTE and its attorneys did in fact receive, makes clear that the

Appeal will be to the Third Department.  *See* Appendix 3, attached hereto.  Section

800.17 of the Third Department's rules of practice states that instructions on

unemployment insurance appeals are available from the clerk of the court.  *See* Rules

of the Appellate Division, Third Department (22 NYCRR) § 800.17.  These instructions

state "**Pursuant to section 800.12** of the Court's Rules of Practice, your briefs must be

served and filed with this Court within nine months of the date of your letter to the

Board."  *See* Appendix 6, attached hereto (emphasis added).  JTE's attorneys would

have known this time limitation had they consulted the rules of the court.

Compounding this failure to follow the Court's rules, JTE's lawyers cannot claim

ignorance of the Court's rules as they have previously represented parties before the

Third Department in appeals from decisions of the Unemployment Insurance Appeal

Board.  *See In re Claim of Chambers*, 238 A.D.2d 643, 656 N.Y.S.2d 962, 1997 N.Y.

App. Div. LEXIS 3136 (3d Dept. 1997).

While JTE could have remedied the alleged non-receipt of the instructions,  the

Complaint does not allege that it or its attorneys attempted to contact the Board or the

Appellate Division regarding the rules for filing the appeal until the time limit had

expired.  According to the Complaint, JTE's served a Notice to Appeal on the

Unemployment Insurance Appeal Board on December 13, 2010.  *See* Complaint at ¶

19.  On February 10, 2012, JTE received a letter from the Department of Labor stating

that its appeal was deemed abandoned.  *See id.* at ¶ 25.  After confirming that the

Notice of Appeal was received, JTE's attorneys did not follow up on the appeal, contact

the Board to make them aware that it had not received an acknowledgment letter, or

apprise itself of the Third Department's rules.  With no communication from  JTE or its

attorneys, the Unemployment Insurance Appeal Board would reasonably assume that

notice had been received.   It is evident that their failure to appeal timely was due to JTE

and its attorneys' lack of diligence in following Court Rules.

## II.

## UNDER THE TAX INJUNCTION ACT (28 U.S.C. § 1341), THIS COURT LACKS SUBJECT MATTER JURISDICTION AND SHOULD DISMISS THE COMPLAINT

The Tax Injunction Act of 1937, 28 U.S.C. § 1341, states that "[t]he district courts

shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under

State law where a plain, speedy and efficient remedy may be had in the courts of such

State."

This Court has thus explained the rationale of the Tax Injunction Act:

The statute is premised upon the imperative need of a state to administer its own
fiscal operations, free from interference by the federal courts. The prohibition is of
a jurisdictional nature, and where there is doubt as to its applicability, the
Supreme Court has directed that the Tax Injunction Act be interpreted consistent
with its function of limiting federal intrusion into state matters.

*See United States v. County of Nassau*, 79 F.Supp.2d 190, 192 (E.D.N.Y. 2000)

(citations omitted).

The Second Circuit, in *Hattem v. Schwarzenegger*, 449 F.3d 423, 427 (2d Cir.

2006) has made clear the extent to which the Tax Injunction Act circumscribes the

federal courts:

> According to the Supreme Court, the purpose of the TIA is 'to limit drastically
> federal district court jurisdiction to interfere with so important a local concern as
> the collection of taxes.' *California v. Grace Brethren Church*, 457 U.S. 393, 408-
> 09, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982) (internal quotation marks and citation
> omitted).  Because of this, the Court has noted that the TIA prohibits, in most
> circumstances, a federal district court from issuing an injunction preventing the
> collection of state taxes. *Id.* at 408. The Court has also held that the TIA prohibits
> a district court from issuing a declaratory judgment holding state-tax laws
> unconstitutional.

*Id.*

JTE has previously availed itself of the "plain, speedy and efficient" remedies of

the courts of New York State, losing through several stages of appeals.  JTE now seeks

to use the federal courts to re-examine the designation of its drivers as employees for

state taxation purposes.  This Court lacks jurisdiction to issue JTE's requested

declaratory judgment relating to a state tax question.


**III.**

**THIS COURT LACKS JURISDICTION TO HEAR CASE
UNDER THE *ROOKER-FELDMAN* DOCTRINE**

The core of the injury stated in the Complaint is the outcome of the Article 78

proceeding and the exclusive review proceedings under Article 18 of the New York

Labor Law: the  Board's conclusion that JTE's drivers were employees and decision to

sustain the Department of Labor's assessment and penalties.  JTE is now seeking a

declaration from this court that would overturn the results of those proceedings.  In

essence, JTE is seeking to appeal, in federal court, the results of the state court

proceedings.  Under the *Rooker-Feldman* Doctrine, this court lacks jurisdiction to review those determinations that would result in a reversal or modification of a state court judgment.

The *Rooker-Feldman* doctrine "mandates that a federal district court may not review collateral attacks upon a state court determination."  *Anghel v. New York State Dep't of Health*, 2013 U.S. Dist. LEXIS 75400, at *10-11 (E.D.N.Y May 29, 2013) (Spatt, J.).  The Second Circuit addressed the evolution of the Doctrine in *Hoblock v. The Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir. 2005), in light of the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S. Ct. 1517 (2005).  The court noted that "*Rooker* and *Feldman* . . . established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments; but the two cases provided little guidance on how to apply that principle." *Hoblock*, 422 F.3d at 84.  The Second Circuit noted that the Supreme Court held the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 85 (quoting *Exxon Mobil,* 125 S. Ct. at 1521-22).

From the Supreme Court's holding, the Second Circuit drew four requirements for applying the *Rooker-Feldman* Doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by state court judgment; (3) the plaintiff must invite district court review and rejection of the state court judgment;

19

and (4) the state court judgment must have been rendered before the federal court proceedings. *Id.*

The elements of the Second Circuit's *Hoblock* requirements have been met: (1) JTE lost in state court as the Article 78 proceeding it brought and the subsequent proceedings under Article 18 of the Labor Law resulted in an adverse decision that its drivers were employees, ending with the New York State Appellate Division dismissing its appeal; (2) the underlying injuries are the results of the state proceedings: the Board's determination that JTE's drivers are employees, which sustained the assessment of the unemployment insurance contributions; and the denial of appeal by the Appellate Division; (3) JTE is inviting federal district court review of the substance of the state proceedings, and seeks a declaration of the tax status of its employees which would reverse the Board's determination; and (4) the Appellate Division's decisions were rendered before these proceedings in federal court were commenced.

JTE's unsupported claim that it was unconstitutionally taxed, and its Due Process claims state legal conclusions, and request no relevant relief. The essential aspects of JTE's requested relief are a re-adjudication of the state tax status of its drivers, and a demand for refunds of tax payments. These issues have been litigated in state court, and JTE is challenging those state court judgments in federal court. Under the *Rooker-Feldman* Doctrine, this court lacks subject matter jurisdiction over this suit.

**IV.**

## PLAINTIFF IS PRECLUDED FROM RELITIGATING
## ISSUES DECIDED IN THE STATE  PROCEEDINGS

JTE's First Claim for Relief requests that this Court issue a declaration as to the employment status of Plaintiff's drivers, specifically seeking "judicial review of the Department of Labor's finding."  *See* Complaint at ¶¶ 27, 28.  JTE requests a determination that no unemployment insurance  contributions are due if its drivers are declared independent contractors.  *Id.*  The effect of this relief would be to abrogate the results of the state  proceedings.  Its Second Claim for Relief requests a refund of sales taxes paid, if its drivers are declared employees.  *See id.* at ¶ 42.  JTE raised the issue of its payment of sales taxes in the state proceedings, and the Board determined that such payments had no bearing on JTE's liability for unemployment insurance taxes. *See Dickstein v. State Tax Commission*, 67 A.D.2d 1033 (3d Dep't 1979).  Because these issues were decided in the prior state  proceedings, JTE is precluded from litigating them in federal court.

Under New York law, issue preclusion applies when "(1) the identical issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding."  *Hoblock*, 422 F.3d at 94 (quoting *Moccio v. New York State Office of Court Administration*, 95 F.3d 195, 200 (2d Cir. 1996) (internal quotation marks omitted)).  A party has had a full and fair opportunity to litigate an issue where  it is afforded the opportunity to appeal but does not.  *See Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001).  The Second Circuit has applied the doctrine even where the decision not to appeal was made by a pro se party lacking knowledge of the law.  *Id.*

21

The district courts have used the doctrine to dismiss the complaint where, similar to this complaint, the plaintiff has alleged that "negligent and/or unconstitutional acts or omissions of Appellate Division employees . . . caused the dismissal of his appeal . . . " *See Hunt v. Denman*, 1997 U.S. Dist. LEXIS 2843, at *8 (N.D.N.Y. Mar. 13, 1997) (dismissing complaint in its entirety).  With issue preclusion, "the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding"  *Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349 (1999) (quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 501(1984)).

JTE had a full and fair opportunity to litigate the tax status of its drivers in state proceedings.  The Article 78 proceeding was resolved by the Stipulation of Settlement and Discontinuance, in which the parties agreed to a hearing before an Administrative Law Judge.  *See* Appendix 1, attached hereto.  Those hearings concluded with a decision that JTE's drivers were employees.  *See* Appendix 2, attached hereto.  Both JTE and the Department of Labor appealed the decision to the Unemployment Insurance Appeal Board.  *See* Complaint at ¶ 18.  The Board sustained the assessment against JTE and reinstated the fraud penalty.  *Id.*  JTE failed to timely file an appeal, and the appeal was deemed abandoned by the Third Department.  *Id.* at ¶ 25.  JTE filed with the Third Department a Motion to Extend Time to Perfect Appeal, which was denied and the appeal dismissed.  *See* Appendix 5, attached hereto.  JTE then filed a Motion to Reargue, which was denied.

JTE claims that it failed to appeal because the Department of Labor did not send the Notice of Receipt of Appeal to its lawyer's current address.  *See* Complaint at ¶ 22. However, after confirming its Notice of Appeal was received, JTE did not contact either

the Department of Labor or the Third Department regarding the appeal, until it received notice that the appeal was deemed abandoned.  *See id.* at ¶¶ 20-26.  JTE's lawyers failed to inform themselves of the relevant court rules.  Moreover, the information without which JTE alleges it could not appeal was accessible from the Third Department's Court Rules.  Section 800.12 states that an appeal is deemed abandoned if not perfected within nine months of the date of the appeal, while Section 800.17 states that instructions on how to appeal from a decision of the Unemployment Insurance Appeal Board are available from the clerk of the court.  *See* Rules of the Appellate Division, Third Department (22 NYCRR) §§ 800.12, 800.17.

JTE's allegation of a Due Process violation fails for the reasons argued above.  Its remaining Claims for Relief seek to have this Court adjudicate issues identical to those previously litigated in the state  proceedings.  It had a full and fair opportunity to litigate these issues, and is seeking to avoid the results of those state  proceedings by litigating in federal court.  This court should dismiss the Complaint under principles of issue preclusion.

### CONCLUSION

Accordingly, defendants respectfully request this Court to grant their motion to dismiss the complaint in its entirety.

Dated:  Mineola, New York
     June 18, 2013              ERIC T. SCHNEIDERMAN
                                 Attorney General of the State of New York

                                 By:____*s/Toni E. Logue*_____
                                     Toni E. Logue
                                 Assistant Attorney General
                                 200 Old Country Road, Suite 240
                                 Mineola, New York 11501
                                 Attorneys for Defendants

To:   Eugene F. Haber, Esq.
      Colbert, Haber & Haber LLP
      1050 Franklin Ave, Suite 300
      Garden City, New York 11530
      Attorneys for Plaintiff